IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, ) ) ) | |
| Plaintiff, ) ) ) | CIVIL ACTION NO. |
| v. ) ) | |
| POCONO MEDICAL CENTER, a subsidiary of POCONO HEALTH SYSTEM, ) ) ) | COMPLAINT JURY TRIAL DEMAND |
| Defendant. ) ) ) | |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of sex, female, and retaliation, and to provide appropriate relief to Charging Parties Holly Rivers and Sarah C. Lawson who were adversely affected by such practices. The Commission alleges that Ms. Rivers and Ms. Lawson were subjected to sexual harassment by their supervisor, Frank Mandicott, Employment

Manager, beginning in April 2003.

The Commission further contends that Ms. Rivers complained to Defendant Employer about the sexual harassment, but no remedial action was taken. Finally, after Ms. Rivers threatened to report Mr. Mandicott's behavior to Defendant's Vice-President, she was soon thereafter terminated in retaliation for her complaints of sexual harassment. The Commission alleges that Ms. Lawson complained about Mr. Mandicott's unwelcome sexual harassment to Defendant, and thereafter was subjected to verbal abuse and hostility by Mr. Mandicott, resulting in her constructive discharge. As a result of the sexual harassment, Ms. Rivers and Ms. Lawson incurred wage losses, as well as emotional distress damages.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to § 706(f) (1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3)" ("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981A.

2. The employment practices alleged to be unlawful were and are now being committed within the jurisdiction of the United States District Court for the Eastern District of Pennsylvania.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000(e)-5(f) (1) and (3).

4. At all relevant times, Defendant Pocono Medical Center has continuously been and is now a Pennsylvania Corporation doing business in the State of Pennsylvania, and the City of East Stroudsburg and has continuously had at least fifteen (15) employees.

5. At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, Charging Parties Holly Rivers and Sarah C. Lawson filed charges of discrimination with the Commission alleging violations of Title VII by Defendant Employer. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. Since at least April 2003, Defendant Employer has engaged unlawful employment practices at its East Stroudsburg, Pennsylvania facility in violation of Section 703(a) (1) of Title VII, 42 U.S.C. § 2000e-2(a) (1) , by subjecting Charging Parties Holly Rivers and Sarah C. Lawson to a sexually hostile work environment. The unlawful employment practices included, but are not limited to, the following:

(a) On April 14, 2003, Ms. Rivers was hired as an Independent Contractor in Defendant's Human Resources Department. On July 21, 2003, Ms. Rivers became a full-time employee of Defendant, and held the position of Senior Nurse Recruiter. At all relevant times, Ms. Rivers' performance was satisfactory.

(b) Soon after her hire, Ms. Rivers was subjected to unwelcome sexual advances, sexually-oriented comments, and unwelcome touching by her supervisor, Frank Mandicott. Although Ms. Rivers informed Mandicott that she was offended by the harassment and advised him that it was unwelcome, he continued his behavior.

(c) In May 2003, Ms. Rivers complained of sexual harassment by Mandicott to Lillian Bahamonde, Manager of Human Resources. Ms. Bahamonde advised Ms. Rivers to again advise Mandicott that his harassment was unwelcome and again ask him to stop. Although Ms. Rivers again did so, the sexual

harassment continued unabated.

(d) On September 5, 2003, during a meeting between Ms. Rivers and Mandicott, Ms. Rivers asked for time off from September 8-10 to obtain housing and to formally relocate from Arizona. Mandicott approved the leave request, but then began touching Ms. Rivers in an inappropriate and unwelcome manner. Ms. Rivers advised Mandicott that when she returned from leave, she was going to schedule a meeting with Defendant's Vice-President to complain that Mandicott was sexually harassing her.

(d) On September 9, 2003, Mandicott telephoned Ms. Rivers to advise that she must return to work on September 10, 2003, or she would be fired. As she was not in the state at the time, Ms. Rivers did not receive the message until December 10, 2003.

(e) On December 10, 2003, Defendant Employer terminated the employment of Ms. Rivers in retaliation for her complaints of sexual harassment against Mr. Mandicott.

(f)  Ms. Sarah Lawson was hired by Defendant on July 14, 2003, and became a full-time employee with the job title of Recruiter on September 1, 2003.

(g)  During her employment, Ms. Lawson was subjected to unwelcome sexual harassment when her supervisor, Frank Mandicott, touched her in an

unwelcome and inappropriate manner, and made sexually offensive comments to her and other female employees.

(h) On November 23, 2003, Ms. Lawson complained, by letter, to Defendant's Chief Executive Officer, and the day after to Defendant's Vice-President of Human Resources, that Mandicott had subjected her to a sexually hostile work environment.

(i) On or about December 10, 2003, Ms. Lawson was advised that Defendant's Vice-President of Human Resources had advised Mandicott that Ms. Lawson had complained about his conduct.

(j) On January 23, 2004, Mandicott subjected Ms. Lawson to verbal abuse and intimidation in the workplace in front of co-workers. Ms. Lawson was therefore forced to resign as she could no longer tolerate the hostile work environment.

8. Since September 2003, Defendant Employer has engaged unlawful employment practices at its East Stroudsburg, Pennsylvania facility in violation of Section 704(a) of Title VII, 42 U.S.C. § 2000e-3, by retaliating against Charging Party Holly Rivers after she reported sexual harassment by Mr. Mandicott, and after she threatened to report his conduct to a Vice-President. The retaliatory unlawful employment practices included:

unwelcome and inappropriate manner, and made sexually offensive comments to her and other female employees.

(h) On November 23, 2003, Ms. Lawson complained, by letter, to Defendant's Chief Executive Officer, and the day after to Defendant's Vice-President of Human Resources, that Mandicott had subjected her to a sexually hostile work environment.

(i) On or about December 10, 2003, Ms. Lawson was advised that Defendant's Vice-President of Human Resources had advised Mandicott that Ms. Lawson had complained about his conduct.

(j) On January 23, 2004, Mandicott subjected Ms. Lawson to verbal abuse and intimidation in the workplace in front of co-workers. Ms. Lawson was therefore forced to resign as she could no longer tolerate the hostile work environment.

8. Since September 2003, Defendant Employer has engaged unlawful employment practices at its East Stroudsburg, Pennsylvania facility in violation of Section 704(a) of Title VII, 42 U.S.C. § 2000e-3, by retaliating against Charging Party Holly Rivers after she reported sexual harassment by Mr. Mandicott, and after she threatened to report his conduct to a Vice-President. The retaliatory unlawful employment practices included:

(a)  On September 9, 2003, Mandicott called Ms. Rivers and demanded that she return to work on September 10, 2003 or be fired. At the time of the call, Mandicott was aware that Ms. Rivers threatened to complain to a Vice-President about the sexual harassment upon her return from leave.

(b)  At the time of his call, Mandicott was aware that Ms. Rivers was relocating her belongings from Arizona to Pennsylvania and was not in the state. On December 10, 2003, when Ms. Rivers did not appear for work, she was fired by Mandicott.

9.  The effect of the practices complained of in paragraphs 7 and 8 above, has been to deprive Holly Rivers and Sarah C. Lawson of equal employment opportunities and otherwise adversely affect their status as employees because of their sex and in retaliation.

10.  The unlawful employment practices complained of in paragraphs 7 and 8, above, were intentional.

11.  The unlawful employment practices complained of in paragraphs 7 and 8, above, were done with malice or with reckless indifference to the federally protected rights of Holly Rivers and Sarah Lawson.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.  Grant a permanent injunction enjoining Defendant Employer, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in sex discrimination, sexual harassment, and any other employment practice which discriminates on the basis of sex or retaliation.

B.  Order Defendant Employer to institute and carry out policies and practices, which effectively prohibit sexual harassment and retaliation in the work place, and which eradicate the effects of its past and present unlawful employment practices.

C.  Order Defendant Employer to make whole Ms. Rivers and Ms. Lawson by providing appropriate backpay with prejudgment interest, where applicable, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to rightful-place reinstatement.

D.  Order Defendant Employer to make whole Ms. Rivers and Ms. Lawson by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 7 and 8 above, including but not limited to out-of-pocket losses in amounts to be determined at trial.

E.  Order Defendant Employer to make whole Ms. Rivers and Ms.

Lawson by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraphs 7 and 8 above, including but not limited to pain and suffering, humiliation, loss of life's pleasures, depression, anxiety, stress, panic, and other physical and psychological symptoms and conditions, in amounts to be determined at trial.

F.  Order Defendant Employer to pay Ms. Rivers and Ms. Lawson punitive damages for its malicious and reckless conduct described in paragraphs 7and 8, above, in amounts to be determined at trial.

G.  Grant such further relief as the Court deems necessary and proper in the public interest.

H.  Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

                          Eric S. Dreiband
                          General Counsel

                          James L. Lee
                          Deputy General Counsel

                          Gwendolyn Young Reams
                          Associate General Counsel

                          Equal Employment Opportunity Commission
                          Washington, D.C. 20507

                          _____
                          JACQUELINE H. McNAIR
                          Regional Attorney

                          _____
                          JUDITH A. O'BOYLE
                          Supervisory Trial Attorney

                          _____
                          CYNTHIA A. LOCKE
                          Trial Attorney
                          EEOC
                          21 S. 5th Street, Suite 400
                          Philadelphia, PA 19106
                          (215) 440-2683
                          Pennsylvania ID No. 37637